**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-30019
Summary Calendar
_____

TONY WHITAKER,

Plaintiff-Appellant,

VERSUS

WILLIAM MIKE GILLIAM, Warden, Winn Correctional Center;
STAFF MEMBERS OF WINN CORRECTIONAL CENTER

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(CA 93 1807)
_____
August 3, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Appellant, a prisoner in Louisiana's Winn Correctional Center, brought this civil rights suit against the warden and unnamed employees of the prison alleging that the eating utensils were unsanitary resulting in violation of his Eighth Amendment rights. The district court granted summary judgment for Defendants. We affirm.

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

The summary judgment record makes clear that all eating utensils used at Winn are washed in approved dishwashing machines after each use and thereby sanitized. Appellant argues that occasionally plastic utensils are utilized and that plastic cannot be sanitized, but he offers no evidence to contradict the affidavits submitted by the Defendants. To carry his burden to show an Eighth Amendment violation Appellant must show that the risk that the prisoner complains of is so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. Helling v. McKinney, 113 S. Ct. 2475, 2482 (1993). Appellant has created no such issue of fact. He has also failed to carry his burden under Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994), to show that Defendants were deliberately indifferent to a serious risk of harm.

AFFIRMED.